IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01637-GPG-KAS

ROBERT A. HUNTSMAN and

LILY M. HUNTSMAN,

     Plaintiffs, Pro Se,

v.


LIBERTY MUTUAL AUTO AND HOME SERVICES LLC,

GEICO CASUALTY COMPANY,

RELX INC.,

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

AMERICAN FAMILY HOME INSURANCE COMPANY,

PROGRESSIVE CASUALTY INSURANCE COMPANY,

AUTO-OWNERS INSURANCE,

FARMERS GROUP PROPERTY AND CASUALTY INSURANCE,

NATIONWIDE INSURANCE COMPANY OF AMERICA,

ENCOMPASS INSURANCE COMPANY,

STILLWATER PROPERTY AND CASUALTY INSURANCE COMPANY, and

TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,

     Defendants.

---

## [UNOPPOSED] MOTION AND REQUEST FOR CONTINUANCE

---

In accordance with  D.C.COLO.LCivR 7.1(c), Plaintiff Robert Huntsman has reached out to all counsel of record by email asking if there was opposition to the present motion.  After a reasonable time, counsel for eight of the twelve defendant parties explicitly voiced no opposition; the remaining four did not voice explicit consent but also did not explicitly oppose, and so it is believed the motion to reschedule is unopposed.

In accordance with D.C.COLO.LCivR 7.1 §§ (a) and (c) Plaintiffs Robert and Lily Huntsman have previously notified all parties and herein notify the Court that the Plaintiffs have scheduling conflicts for one block of time in 2024 and a second block of time in early 2025.  Specifically, Plaintiffs have or will have scheduling conflicts with Court dates from 11/19/2024 to 12/08/2024 in 2024 and 1/24/2025 to 2/2/2025 in 2025 and therefore respectfully request herein by motion that the Scheduling/Planning Conference scheduled pursuant to Fed. R. Civ. P. 16(b) by the Court on December 2, 2024,  Dkt. No. 50, be vacated and rescheduled to a date outside the ranges specified above.

In accordance with the instructions in Dkt. No. 50, Plaintiff Robert Huntsman has reached out to counsel of record for all parties requesting and soliciting additional scheduling blackout dates, and to date, after a reasonable amount of time, to the best of my knowledge, no counsel has informed me of any other scheduling conflicts for other parties.

In accordance with D.C.COLO.LCivR 6.1(b), Plaintiffs state that the basis for the request is to accommodate personal travel outside the United States scheduled prior to the commencement of this suit.  This is the first request for a continuance by either Plaintiff.

In accordance with D.C.COLO.LCivR 5.1(d), it is believed all parties have appeared and are registered with CM/ECF and thus no additional certificate of service is provided.

DATED:  September 9, 2024


s/Robert Huntsman
Plaintiff, Pro Se

s/Lily Huntsman
Plaintiff, Pro Se