# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01637-GPG-KAS

ROBERT A. HUNTSMAN and
LILY M. HUNTSMAN,

    Plaintiffs,

v.

LIBERTY MUTUAL AUTO AND HOME SERVICES, LLC,
GEICO INSURANCE AGENCY, LLC,
LEXISNEXIS RISK SOLUTIONS INC.
ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,
AMERICAN FAMILY HOME INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
AUTO-OWNERS INSURANCE COMPANY,
FARMERS GROUP PROPERTY AND CASUALTY INSURANCE,
NATIONWIDE INSURANCE COMPANY OF AMERICA,
ENCOMPASS INSURANCE COMPANY,
STILLWATER PROPERTY AND CASUALTY INSURANCE COMPANY, and
THE TRAVELERS PERSONAL INSURANCE COMPANY,

    Defendants.

---

## DEFENDANT AMERICAN FAMILY HOME INSURANCE COMPANY'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

---

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Defendant American Family Home Insurance Company ("AFH") hereby submits this Unopposed Motion for Extension of Time to Respond to Plaintiffs' First Amended Complaint until October 15, 2024. As grounds therefore, AFH states as follows:

1. Plaintiffs filed their Complaint on July 11, 2024 (Dkt. 1) and served AFH on August 19, 2024 (Dkt. 34).

2.	At that time, AFH's in-house counsel was on parental leave, and as a result, AFH did not have an opportunity to coordinate with other parties in the case on their August 22, 2024 Joint Motion for Extension of Time to File Answer or Otherwise Respond and to Set Uniform Response Time for Defendants to Respond to Plaintiffs' Complaint ("Joint Extension Motion") (Dkt. 35), which the Court subsequently granted (Dkt. 41).

3.	However, the docket entries for the Joint Extension Motion and the Court's grant of that motion indicated that AFH was a party to the motion. Internal confusion followed, and AFH inadvertently failed to seek extension of its own September 9, 2024 deadline to respond to Plaintiffs' Complaint.

4.	Upon discovery of this error, AFH immediately filed the instant motion.

5.	AFH intends to respond to Plaintiffs' Complaint and will be prepared to do so in short order. Accordingly, AFH respectfully requests: (i) that the Court permit AFH's out-of-time response; and (ii) in the interest of efficient case administration, that the Court extend AFH's response date to align with the October 15, 2024 response date of the defendants that are parties to the Joint Extension Motion.

6.	"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

7.	Courts evaluate excusable neglect under a four-factor test: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control

of the movant; and (4) whether the movant acted in good faith. *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

8. AFH's extension request presents no danger of prejudice to Plaintiffs, who recently amended their Complaint and are still awaiting responses from all Defendants. If the extension is granted, Plaintiffs would be in the same position as they would have if AFH had had an opportunity to join the August 22, 2024 Joint Extension Motion.

9. The timing of AFH's requested extension would have no negative impact on judicial proceedings. On the contrary, AFH's extension would streamline judicial proceedings by situating AFH on an identical schedule to other defendants.

10. The reason for the delay stemmed from a combination of AFH's in-house counsel's absence on parental leave, perplexing docket text, and subsequent internal confusion at AFH.

11. AFH acted in good faith in seeking the extension. As soon as AFH discovered its scheduling error, it took steps to remedy it. AFH has not sought an extension for any reason other than to avail itself of its rights as a named defendant before this Court.

12. AFH's counsel conferred with Plaintiffs about the requested extension. Plaintiffs do not object.

WHEREFORE, Defendant AFH respectfully requests that this Court permit AFH's out-of-time response and, in the interest of efficient case administration, that the Court extend AFH's response date to align with the October 15, 2024 response date of the defendants that are parties to the Joint Extension Motion. A proposed order is submitted herewith.

DATED this 4th day of October, 2024.

                              Respectfully submitted,

                              */s/ Matt Schock*
                              Matt Schock
                              mschock@bakerlaw.com
                              Baker & Hostetler LLP
                              1801 California Street, Suite 4400
                              Denver, Colorado 80202
                              Tel.: (303) 861-0600
                              Fax: (303) 861-7805

                              *Attorney for Defendant American Family Home Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANT AMERICAN FAMILY HOME INSURANCE COMPANY'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** was served on all counsel of record via the Court's ECF system on this 4th day of October, 2024.

*/s/ Matt Schock*