IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01637-GPG-KAS

ROBERT A. HUNTSMAN, and
LILY M. HUNTSMAN,

    Plaintiffs,

v.

LIBERTY MUTUAL AUTO AND HOME SERVICES LLC,
GEICO CASUALTY COMPANY,
RELX INC.,
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,
AMERICAN FAMILY HOME INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
AUTO-OWNERS INSURANCE,
FARMERS GROUP PROPERTY AND CASUALTY INSURANCE,
NATIONWIDE INSURANCE COMPANY OF AMERICA,
ENCOMPASS INSURANCE COMPANY,
STILLWATER PROPERTY AND CASUALTY INSURANCE COMPANY, and
TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,

    Defendants.
_____

# MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant **American Family Home Insurance Company's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Complaint** [#85] (the "Motion").

**A.    The Motion [#85]**

Defendant American Family Home Insurance Company ("AFH") states that it was served on August 19, 2024, and that its responsive pleading was therefore due on September 9, 2024. *Motion* [#85], ¶ 1-2. On August 22, 2024, six other Defendants jointly moved for an extension of their response deadline, to and including October 7, 2024. *See Joint Motion* [#35] at 1 (identifying the "Stipulating Defendants")[1], 3 (request for

---

[1] The "Stipulating Defendants" were identified as: Defendant Liberty Mutual Auto and Home Services LLC; RELX Inc.; Travelers Property Casualty Insurance Company; GEICO Casualty

extension). The Court granted the motion as to the specifically identified "Stipulating Defendants" and extended their response deadline "to October 7, 2024." *See Minute Order* [#41] at 1. Since that time, Defendants Allstate Fire and Casualty Company, Encompass Insurance Company, and Stillwater Property and Casualty Insurance Company each moved to extend their response deadline to the same date, October 7, 2024. *See Motions for Extension* [#55, #65]; *Minute Orders* [#61, 68].

In the subject Motion [#85], Defendant AFH notes that the docket mistakenly identified it as one of the movants who had filed the Joint Motion [#35], causing confusion and a belated realization that it had missed its responsive pleading deadline. *Motion* [#85], ¶ 3. It asks the Court to "extend AFH's response date to align with the October 15, 2024 response date of the defendants that are parties to the Joint Extension Motion." *Id.*, ¶ 5. The relief sought is unopposed. *Id.*, ¶ 12.

The Court acknowledges that there was a docketing error as to which parties filed the Joint Motion [#35], but the Joint Motion [#35] specifically did not request an extension on behalf of Defendant AFH, and the Minute Order [#41] granted relief only to the six Stipulating Defendants. This is why three other Defendants separately moved for the same relief. *See Motions for Extension* [#55, #65]. Defendant AFH's confusion was not well founded, given the documents' plain text.

Moreover, the Court is perplexed by Defendant AFH's statement that its requested response date of October **15**, 2024 would "situat[e] AFH on an identical schedule to other defendants." *Motion* [#81], ¶ 9. To the contrary, the other Defendants' deadline is October **7**, 2024. *See Minute Order* [#41] at 1; *Minute Order* [#61] at 1; *Minute Order* [#68] at 1. The Court does not understand where the disconnect is coming from.

**B.    Excusable Neglect**

Under Fed. R. Civ. P. 6(b), the Court may grant extensions of time for good cause, but if the request is made after the time has already expired, the moving party must also show excusable neglect. When evaluating excusable neglect, courts consider four factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Plaintiffs are unopposed to the relief sought, so there is no danger of prejudice. *Motion* [#85], ¶ 12. The requested delay will extend Defendant AFH's response deadline to one week after other defendants' and will not impact the Scheduling Conference which has been set for January 14, 2025. *See Minute Order* [#81]. The Court is not persuaded that there is a good reason for the delay, but there is no indication that

---

Company; Progressive Casualty Insurance Company; and Auto-Owners Insurance. *See Joint Motion* [#35] at 1; *Minute Order* [#41] at 1.

Defendant AFH is acting in bad faith. Three of the four factors weigh in favor of Defendant AFH's request, and the Court finds excusable neglect. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#85] is **GRANTED**. Defendant AFH's deadline to answer or otherwise respond to Plaintiffs' operative pleading is extended to **October 15, 2024**.

Dated: October 8, 2024